**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENERSON ADOMAITIS SANDOVAL CARDENAS,<br><br>Petitioner,<br><br>v.<br><br>ACTING WARDEN OF THE ADELANTO DETENTION CENTER, et al.,<br><br>Respondents. | **CASE NO.** 5:26-CV-03730-CTS<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On July 6, 2026, Petitioner Enerson Adomaitis Sandoval Cardenas ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally* Pet.) The Petition names as Respondents the Acting Warden of the Adelanto Detention Center; Ernesto Santacruz, Jr., Director of the Los Angeles Field Office, ICE; Todd Blanche, Acting Attorney General, United States Department of Justice; Markwayne Mullin, Secretary, United States Department of Homeland Security

("DHS"); David Venturella, Acting Director of ICE; and Does 1 through 5 ("Respondents"). (Pet. 1.[1]) On July 13, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 7.) On July 14, 2026, Petitioner filed his Traverse. (Trav., ECF No.8.) For the reasons set forth below, the Court GRANTS the Petition in part and ENJOINS Respondents from continuing to detain Petitioner unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge at which Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public.

## I.    BACKGROUND

The Petition alleges that Petitioner is a citizen and national of Guatemala who has resided in the United States for over seven years. (Pet. ¶ 18.) The Petition is supported by Petitioner's declaration ("Sandoval Cardenas Declaration"), signed by Petitioner under penalty of perjury. (Pet. 17–18.) He declares that he is afraid of returning to Guatemala and that he came to the United States as a refugee because of the conditions in Guatemala. (Sandoval Cardenas Decl. ¶¶ 5, 15.)

Petitioner is the father of a six-month-old United States citizen, whom he raises with his partner, and he is the primary support for his family. (Pet. ¶ 18.) On or about January 17, 2026, Petitioner was at a family gathering and had had a few drinks. (Sandoval Cardenas Decl. ¶ 8.) His partner called him to say that the baby was sick and asked him to pick up some medication and come home. (*Id.*) On his way home, he was stopped by the police and cited for a misdemeanor DUI and driving without a license. (*Id.*; Pet. ¶ 19.)

On April 16, 2026, Petitioner appeared in court as directed and was granted probation with the condition that he enroll in a substance abuse program, which

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

Petitioner completed.  (Pet. ¶ 19.)  On June 10, 2026, Petitioner returned to court as ordered for a progress report and, as he was waiting for his case to be called, his counsel told him that ICE was looking for him.  (*Id.* at ¶ 20.)  Respondents' officer approached Petitioner, asked him his name, took him into custody, and told him that the reason for the arrest was that "he was illegal here."  (*Id.*)  Respondents did not have a warrant (Form I-200) for Petitioner's arrest.  (*Id.* at ¶ 21.)  On June 16, 2026, a notice to appear with the Executive Office of Immigration Review ("EOIR") was filed.  (*Id.* at ¶ 22.)  Petitioner has a pending application for relief and removal proceedings are ongoing.  (*Id.*)  When Petitioner was taken into custody, he was not provided with notice of the charges against him, an opportunity to respond, or a pre-deprivation hearing before a neutral adjudicator, and his custody status was summarily continued without individualized consideration.  (*Id.* at ¶¶ 23–24.)  Respondents "have refused to and continue to refuse to release and/or accord Petitioner his Maldonado-Bautista class membership and the safeguard accorded to him under the declaratory relief judgment, including an individualized bond hearing where the burden is placed on DHS to establish flight risk or dangerousness."  (*Id.* at ¶ 25.)

The Answer does not contest any of these allegations or set forth any additional facts, but does attach Form I-213, Record of Deportable/Inadmissible Alien ("Exhibit A").  (Ans., Ex. A, ECF No. 7-1.)

## II.   PETITIONER'S CLAIMS

The Petition includes four counts:  (1) "Detention in Violation of the Fifth Amendment (substantive due process)" (Pet. ¶¶ 45–48); (2) "Procedural Due Process Claim" (*id.* at ¶¶ 49–57); (3) "Statutory Violation [of 8 U.S.C. § 1226(a)]" (*id.* at ¶¶ 58–59); and (4) an untitled count asserting that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM (C.D. Cal. filed July 23, 2025) (*id.* at ¶¶ 60–65).

### III.   DISCUSSION

Petitioner's fourth claim for relief is that, as a member of the *Maldonado-Bautista* class, he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a), and that Respondents must therefore provide him with a proper custody determination "before a neutral decision maker where Respondents bear the burden of showing flight risk or dangerousness." (Pet. ¶¶ 60–65; Pet. 14.)  Respondents concede in their Answer that "Petitioner appears to be a member of the Bond Eligible Class" certified in the *Maldonado Bautista* case. (Ans. 2.)  Respondents also acknowledge that, despite subsequent procedural developments in the appeal of the *Maldonado Bautista* case, the judgment entered in that case on December 18, 2025 "remains in place as to the Central District of California." (*Id.* at 3.)

Having reviewed the uncontested allegations in the Petition, the Court concurs that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista*.   No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *32, *judgment entered*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Petitioner appears to be a noncitizen, present in the United States without lawful status, who entered the United States without inspection, was not apprehended on arrival, and is not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *Maldonado Bautista*, 2025 WL 3713987, at *32.  Petitioner's detention is therefore governed by 8 U.S.C. § 1226(a), *Maldonado Bautista*, 2025 WL 3713987, at *10, and thus Petitioner is entitled to "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, *an initial bond hearing before a neutral decisionmaker*, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a)

receive bond hearings at the outset of detention."). Accordingly, pursuant to the final judgment issued in *Maldonado Bautista*, Petitioner is entitled to "consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, 2025 WL 3678485, at *1. While the Ninth Circuit has temporarily stayed the *Maldonado Bautista* judgment "insofar as the district court's judgment extends beyond the Central District of California," that judgment "remains in place as to the Central District of California." Order, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), Dkt. No. 5; Order, *Maldonado Bautista v. Executive Office for Immigration Review*, Nos. 25-7958, 26-1044 (9th Cir. Mar. 31, 2026), Dkt. No. 17.

The Court notes that the Petition specifically seeks a bond hearing at which "Respondents bear the burden of showing flight risk or dangerousness." (Pet. 14.) In their Answer, Respondents acknowledge that the relief sought is "an individualized bond hearing at which the government bears the burden to establish flight risk or dangerousness." (Ans. 2.) Respondents do not contest the entry of an order directing that Petitioner be provided with a bond hearing within seven days— but neither do they contest Petitioner's request that Respondents bear the burden of establishing flight risk or dangerousness at such a hearing. (*See generally* Ans.) In light of Respondents' failure to oppose the Petition's request that the burden be allocated to Respondents at the bond hearing to which they agree Petitioner is entitled, and consistent with many other recent decisions confirming that Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, *see, e.g.*, *Melchor-Melchor v. Noem*, No. 5:26-CV-00766-SSS-BFM, 2026 WL 760058, at *1 (C.D. Cal. Mar. 16, 2026) (ordering petitioner's immediate release after court-ordered bond hearing because it was "clear that the IJ did not hold Respondents to a clear and convincing burden" at that hearing), the Court will grant that request.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Petition is GRANTED to the extent it seeks a finding that Petitioner is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a);

2. Respondents are enjoined from continuing to detain Petitioner Enerson Adomaitis Sandoval Cardenas (A 246-061-806) unless, within seven (7) days of the date of this order, he is provided with an individualized bond hearing before an immigration judge at which Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public; and.

3. The parties must file a joint status report within fourteen (14) days of the date of this order, which must discuss the results of any bond hearing held and address the question of whether the remainder of the Petition has been rendered moot.

DATED:  July 24, 2026

_____
CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE